IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S ___ ___CT COURT
IS TRI___ ___ COLORADO

2017 FEB 24  AM 10: ___

JEFFREY ___ ___ELL
CL___

BY_____DEP. CLK

Civil Action No.

Plaintiff, Tonee Buwana, Ed.D. **'17 - CV - 00491**

v.
,

Defendants. Board of Trustee, Metropolitan State University of Denver- No 541201601342
Dr. Stephen M. Jordan, President
Percy A. Morehouse, Jr. Ph.D, Executive Director of Equal Opportunity
Mr. Paul Hitchcock, Affirmative Action Application System Specialist

---

## TITLE VII COMPLAINT

---

### PARTIES

1. Plaintiff Tonee Buwana, Ed.D is a citizen of United States of America
who presently resides at the following address:
4616Walden Court Denver, CO 80249

2. Defendants Board of Trustees, MSU of Denver
Dr. Stephen M. Jordan, President
Percy A. Morehouse, Jr. Ph.D, Executive Director of Equal Opportunity
Mr. Paul Hitchcock, Affirmative Action Application System Specialist

lives at or is located at the following address:
890 Auraria Pkwy, P.O. Box 173362, Denver, CO 80217

Attach a separate page, if necessary, to list additional parties.

### JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.
'2000e-5.

(Rev. 07/06)

4.    Defendant is an employer within the meaning of Title VII.

5.    The alleged unlawful employment practices took place at the following location:

890 Auraria Pkwy, P.O. Box 173362, Denver, CO 80217

6.    Jurisdiction also is asserted pursuant to the following statutory authority:

Executive Order 11246; Section 503 of the Rehabilitation Act of 1973; Vietnam Era Veteran's Readjustment Assistance Act of 1974.

## ADMINISTRATIVE PROCEDURES

7.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on April 12, 2016 (date) regarding the alleged discriminatory conduct by Defendant(s).

8.    Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on January 11, 2017(date). (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9.    Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

   X  Race          __ Color          ____ Religion

   X  Sex          __ National Origin   X  Age

   X  Other (please specify) American with Disability Act of 1990, as amended (ADA) in violation of the ADA.

10.   Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

   X  Failure to hire

   X  Failure to promote

   ____ Demotion/discharge from employment

   X  Other (please specify) Protected Veterans Status-OFCCP complaint # 100200054

(Rev. 07/06)

## STATEMENT OF THE FACTS

### INTRODUCTION

11. Plaintiff, 67 year old, black male, Viet Nam Era veteran with an honorable discharge (See Exhibit J).

12. Dr. Buwana grew up on the Westside of Chicago, Illinois. To escape poverty and chasing his "American Dream", he dropped out of high school and enlisted in the U.S. Army on November 30, 1967, just 24 days after his 17th birthday.

13. In June 1968, Plaintiff completed the requirements for his General Education Diploma (GED) See Exhibit J). After discharge, Plaintiff committed his life to education, earning an Associate of Arts, Bachelor of Arts, Masters of Public Administration, Masters of History and Doctorate of Education from the Illinois State University at the age of 60 (See Exhibit I).

14. Plaintiff is an interdisciplinary educator and historian. Plaintiff has experience working with and sensitivity to the needs of students of color. Plaintiff is a first-generation college graduate. Plaintiffs previously employed as Financial Aid Counselor, Academic Advisor and College Minority Student Retention Specialist (See Exhibit A).

15. Plaintiff, Tonee Buwana, Ed.D. is proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and U.S.C. 1981a, the Civil Service Reform Act, 5 U.S.C. 7703(b) (2), The Age Discrimination in Employment Act 29 U.S.C. 621, et seq., and The Rehabilitation Act 29, U.S.C. 701 and The Viet Nam Era Veterans Readjustment Assistance Act of 1974, as amended (VEVRAA), 38 U.S.C.4212.

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

16. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and U.S.C. 1981a, the Civil Service Reform Act, 5 U.S.C. 7703(b)(2), Violation of Race /Sex/Gender

17. In August 2015, Plaintiff applied for the position of Academic Advisor/Retention Specialist with the Defendants.

18. On October 6, 2015, Plaintiff was informed via email (Exhibit C) and then later by phone, that he did not meet the minimum qualifications for the position (See Exhibit A )

19. However, Plaintiff easily meet and exceed the qualifications for this position (Exhibit A) (See Exhibit H).

20. Moreover, Plaintiff believes that the qualifications for the position have been written, so as to exclude minority candidate from consideration. (Exhibit E). Plaintiff contends that MSU of Denver Human Resource personnel edited a restrictive job description and it caused the discriminatory animus.

21. Plaintiff later, called the Defendants' Office of Equal Opportunity, Plaintiff spoke with Mr. Paul Hitchcock and verbally protested Defendants decision that Plaintiff failed to meet the minimum qualification for the position. He stated that he would check with the Dean. Plaintiff received a call back, about two weeks later, Mr. Hitchcock advised Plaintiff that the Dean said, "No".

22. On December 23, 2015, Plaintiff submitted a Discrimination Complaint (See (Exhibit C) to the MSU of Denver Equal Opportunity Office. The Defendants' have not acknowledged my complaint or investigated?

23. On April 12, 2016, Plaintiff met with the Denver EEOC office and filed Agency Charge 541-2016-01342. (See Exhibit F).

24. On April 19, 2016, the Office of Federal Contract Compliance Program (OFCCP) reviewed Plaintiff's complaint (Exhibit C). Through a Memorandum of Understanding (MOU) between EEOC and OFCCP under which the EEOC assumes jurisdiction over Section 503 complaints/ADA charges (See Exhibit E).

25. EEOC investigated and determined that the evidence indicated that Plaintiff was discriminated against as alleged, and attempted to resolve the matter by means of mediation/ conciliation. Plaintiff has exhausted administrative remedies (See Exhibit M).

Plaintiff advised by Denver EEOC, Officer, Mr. Ryan J. Crennen that the Defendant's refuses to participate in any meditation/conciliation. Plaintiff has exhausted administrative remedies (See Exhibit M).

26. On January 12, 2017 received via US postal mail Notice of Right to Sue within 90 days from U.S. Department of Justice, Civil Rights Division (See Exhibit G).

27. Plaintiff believes that he was discriminated against because of my race (black), in violation of Title VII of the Civil Rights Act of 1964 and because of age (67), in violation of the Age Discrimination in Employment Act of 1967, as amended.

28. Plaintiff contends that the defendants caused discriminatory animus against him (Failure to hire) by not allowing the Plaintiff the opportunity to compete for one of nine Academic Advisors positions they were recruiting to hire.

29. Plaintiffs contends that his race (black), gender (male), not white females or males are unrepresented in this occupation field (See Exhibit F).

30. The foregoing paragraphs are realleged and incorporated by reference herein.

31. The defendants conduct as alleged in the hiring process constitutes discrimination based on race (black) and age (67) in violation of Title VII.

32. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pre text to hide the Defendant's discriminatory animus.

33. The Defendants has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of the Plaintiff.

34. Thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 2000e et seq.

**SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**

35. Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. 621. Violation of Age

36. The foregoing paragraphs are realigned and incorporated by reference herein.

37. The Defendants conduct as alleged above constitutes discrimination based on age discrimination in violation of ADEA.

38. The stated reason for the Defendant's conduct were not the true reasons, but were pretext to hide the Defendant's discriminatory animus.

39. The Defendants has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of the Plaintiff.

40. Thereby entitling Plaintiff to recover damages pursuant to 29 U.S.C. 621.

**THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**

41. The Viet Nam Era Veterans Readjustment Assistance Act of 1974, as amended (VEVRAA), 38 U.S.C.4212. Violation of Protected Veteran Status

42. Plaintiff, contends that the defendants caused discriminatory animus by failure to promote (See Exhibit E).

43. The Viet Nam Era Veteran's Adjustment Assistance Act of 1974 requires covered federal contractors and sub-contractors, such as Metropolitan State University of Denver to take affirmative actions to employ and advance in employment specified categories of veterans protected by the Act and prohibits discrimination against such veterans.

44. In addition, VERRAA requires contractor and sub-contractors to list their employment openings with the appropriate employment service delivery system, and that covered veterans receive priority in referral to such openings.

45. Plaintiff contends the defendants caused discriminatory animus (Failure to Promote) by not allowing the plaintiff the opportunity to compete for one of nine Academic Advisors positions they were recruiting to hire.

46. Plaintiffs is entitled to protected veterans status rights.

47. The foregoing paragraphs are realleged and incorporated by reference herein.

48. The Defendants conduct as alleged in the hiring process constitutes discrimination based on Plaintiff's protected veteran status (VERRA).

49. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pre text to hide the Defendant's discriminatory animus.

50. The Defendants has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of the Plaintiff.

51. Defendants' position statement (See Exhibit F) states that "Dr. Buwana was not hired because he was not as qualified as the others selected for the position....." What factors and perceptions were used to make this determination?

52. Plaintiff contends, however, Plaintiff easily meet and exceed the minimum qualifications for this position (See Exhibit A) (See exhibit H).

53. Plaintiff was informed via email (See Exhibit B) and then later by phone that I did not meet the minimum qualifications for the position (See Exhibit A)

54. Moreover, Plaintiff believes that the qualifications for the position have been written so as to exclude minority candidate from consideration and caused the discriminatory animus (See Exhibit H).

55. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pre text to hide the Defendant's discriminatory animus.

56. The Defendants has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of the Plaintiff.

57. Thereby entitling Plaintiff to recover damages pursuant to 38 U.S.C. 4212.

## FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS

58. Violation of the Rehabilitation Act of 1973, 29 U.S.C. 710 et seq.

59. Plaintiff reallege and incorporates by reference each allegation contained in each aforementioned paragraphs as thoughtfully, set forth herein.

60. Defendants has discriminated against plaintiff by denying him reasonable accommodation for his disability. Plaintiff seeks funding to pay for medical treatment for depression and PTSD caused by this discriminatory animus. Violation of The Rehabilitation Act of 1973, 29 U.S.C. 701 et seq., as amended.

61. The Defendants has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of the Plaintiff.

62. By reason of Defendant's discriminatory animus, Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act.

63. Attorney's fees should be awarded under 29 U.S.C. 794(a) (1).

64. Due to Defendants' discriminatory actions on November 15, 2016, Plaintiff forced to filed Notice of Chapter 13 Bankruptcy Case 16-21612-MER to save his home ( See exhibit L), (See Exhibit K).

65. Plaintiff's equivalent work experience not considered by Defendants in the hiring process. In 2009, started the Academic Success LLC., offering free advising services to inner city students (See Exhibit A).

8

# PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court award him:

a)  The sum of $300,000 in compensatory damages suffered because of discriminatory animus.

b) Front pay at the position highest pay grade/rate (including pay increases) until Plaintiff reach the age of 70, when Plaintiff would have retired from working.

c)  Due to Defendants' discriminatory actions on November 15, 2016, Plaintiff forced to filed Notice of Chapter 13 Bankruptcy Case 16-21612-MER to save his home ( See exhibit L).(See Exhibit K) seeking  $53,000 to pay mortgage arrears

d) Cost and reasonable attorney fees incurred in this lawsuit with interest thereon.

e) Plaintiff seeks funding to pay for medical treatment for depression and PTSD caused by this discriminatory animus

f) Other damages and further relief as deemed just.

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

February 23, 2017

*Dr Tonee Buwana*

Tonee Buwana, Ed. D.
4616 Walden Court
Denver, Co 80249
312-451-6899
tbuwana@att.net

Plaintiff in Pro Se

9